CASE 18—PROCEEDING BY O. H. BARTLETT AND OTHERS TO BE EXONERATED FROM PAYMENT OF POLL TAX.—NOVEMBER 14.

## Short, Sheriff v. Bartlett, et al.

APPEAL FROM DAVIESS CIRCUIT COURT.

FROM A JUDGMENT OF THE CIRCUIT COURT REVERSING A JUDGMENT OF THE COUNTY COURT REFUSING THE RELIEF SOUGHT, W. J. SHORT, SHERIFF, APPEALS.  REVERSED.

COUNTIES—TOWNS—POLL TAXES—RIGHT TO LEVY.

Held:  1. Constitution, secs 180, which provides that "the General Assembly may authorize the counties, cities or towns to levy a poll tax not exceeding $1.50 per head," does not by reason of the disjunctive "or" preclude the levy of the tax by both a county and a town; the purpose of the section being to limit the levy in either county, city or town to $1.50 per head.

2. Under the Constitution and enactments of the Legislature, a county, through its fiscal court, can levy an *ad valorem* tax within the constitutional limitations, on all property in the county, for county purposes outside or inside cities and towns, and in the same way may levy a poll tax for county purposes upon citizens both inside and outside of cities and towns located therein.

Short, Sheriff v. Bartlett, *et al.*

LA VEGA CLEMENTS, ATTORNEY FOR APPELLANTS.

The appellees contended in the lower court that under section 180 of the Constitution, they were exempt from paying a poll tax to the county because they paid a like tax to the town of Whitesville which is located in said county, which section is as follows: "The General Assembly may authorize the counties, cities *or* towns to levy a poll tax not exceeding $1.50 per head."

That said section by the use of the disjunctive word "or," restricts the levy to either the county, city or town, and prohibits more than one levy.

If this contention should prevail, then it would be a race every year between the county and every incorporated town thereof, as to which should make the first levy, thus barring the other from collecting the double tax.

Clearly, the only limitation in said section 180 is, that the Legislature can not authorize the levy of a poll tax in any county, city or town *exceeding one dollar and fifty cents per head*, the limitation being as to the amount only.

The fact that cities and towns are separated from the county for governmental purposes does not exempt the inhabitants thereof from liability for their proportion of the necessary expenses of the county.

### AUTHORITIES CITED.

Constitution, sec. 180; Kentucky Statutes, secs. 1839, 1851, 2744; Wolf v. McHargue, 88 Ky., 251.

J. R. HAYS, ATTORNEY FOR APPELLEES.

The case of Wolf v. McHargue, 88 Ky., 251, relied on by counsel for appellant, is not in point. That case was decided under the former Constitution, which, as heretofore stated, contained no restriction, of any kind, on taxation, and is in reference to property tax and not poll tax. I earnestly insist on a careful consideration of this question. While the town of Whitesville is of inconsiderable size, the question involved concerns each municipality in this State, except perhaps, cities of the first class, and I confidently ask an affirmance of the judgment.

### SYNOPSIS.

1. The Constitution prescribes the limit of taxation and the authority of the Legislature in reference thereto. (Con., secs. 157, 158.)

Short, Sheriff v. Bartlett, *et al.*

2. But one poll tax can be levied on any citizen. (Con., secs. 180-181.)

3. The charters of the various classes of cities and towns constitute one enactment. (Con., secs. 156 to 168 inclusive, Kentucky Statutes, secs. 2980, 3174, 3290, 3490, 3673, 3704; Black on Interpretation of Laws, p. 206; U. S. v. Freeman, 44 U. S., 33; 3 How., 556; Ferguson v. Monroe county, Supers., 71 Miss., 524; Louisville v. Com., 9 Dana, 70; State, etc., v. Clark, 54 Mo., 216; Roff v. Johnson, 40 Ga., 555; Linton's Appeal, 104 Pa., 228; Perkins v. Perkins, 62 Barb., 531; United Soc. v. Eagle Bank, 7 Conn., 456; Black, Interpretation of Laws, sec. 86; State v. Gerhardt, 145 Ind., 439; 33 L. R. A., 322.)

4. A fiscal court has no authority to levy and collect a poll tax off of citizens of an incorporated town or city. (Kentucky Statutes, sec. 1851.) Section 2744, Kentucky Statutes, although occurring only in charter of first class cities, is applicable to charters of all cities and towns.

5. The charter of a city, or incorporated town, necessarily, separates it from the remainder of the county for governmental purposes.

6. An incorporated town is a higher grade of local government than a county (Dillon Mun. Corp. (Sec. Ed.) pp. 49, 95, 96 and note), and has greater liabilities and responsibilities than a county, and when only one of two bodies can exercise a given authority, that occupying the higher grade, and having the greater responsibility is entitled to precedence. (Lexington v. Thompson, 67 S. W., 480; Cooley on Taxation, Sec. Ed., pp. 679, 680 and note.)

7. Towns of the sixth class can not meet their liabilities unless permitted to levy and collect poll tax, and a liability can not be created and the power to liquidate it denied. (Cooley on Taxation, Sec. Ed., pp. 72, 329, 427.)

8. The charters of sixth class towns as well as all cities in Kentucky, are subsequent to the act creating fiscal courts, and where two acts are inconsistent the later prevails. (Cooley on Con. Lim., 72, note.)

9th. The fiscal court of Daviess county has by the construction of two statutes, one similar and the other a kindred statute acquiesced in the construction given the statute by appellee.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

In this action we are asked to determine whether the fiscal court of Daviess county can levy and collect a poll tax for the benefit of the county from the inhabitants of

Whitesville, a town of the sixth class, located in its bor-
ders, whose municipal authorities have also levied a poll
tax of $1.50 upon the citizens thereof, thus requiring them
to pay a double poll tax—one to the town, and the other to
the county. The appellees, citizens of Whitesville, applied
to the county court, under section 4250 of the Kentucky
Statutes, for exoneration from the payment of the poll tax
so levied by the county. Upon hearing of the motion, the
county court refused to grant the relief sought. There-
upon appellees appealed to the circuit court, by whom it
was adjudged that the male inhabitants of Whitesville
could not be compelled to pay a poll tax both to the coun-
ty and the town, and exonerated them from the payment
of the county poll tax.

Section 180 of the Constitution provides: "The Gen-
eral Assembly may authorize the counties, cities or towns
to levy a poll tax not exceeding $1.50 per head." And
pursuant to this constitutional provision the General As-
sembly has expressly authorized "counties and cities of the
first, second, third, fourth, fifth and towns of the sixth
class to impose and collect from every male inhabitant
over the age of twenty-one years an annual poll tax not
exceeding $1.50." The contention of appellees is based
upon the use of the disjunctive, "or," instead of the con-
junctive, "and," between the words "cities" and "towns"
in the constitutional provision. Previous to the adoption
of the present Constitution, there was no restriction upon
the power of the Legislature to levy taxes; and, by its au-
thority, counties, cities, towns and other municipalities
levied what appeared to be excessive poll taxes. The only
purpose or effect of the section of the Constitution is to
limit the amount of such tax which might be levied by
counties, cities or towns to not exceeding $1.50. If it were

otherwise, it would be a race between the county and each incorporated town thereof as to which corporation would make the first levy, thus barring the other from collecting a double poll tax. The citizens of Whitesville are as much interested in maintaining the county government of Daviess county as citizens of the county residing outside of Whitesville. They enjoy advantages which are not shared by their fellow citizens residing outside of the city or town, and they necessarily have to pay therefor; but this does not exonerate them from their share of the burden of maintaining the county government, which has advantages they equally enjoy.

Appellees also seek to escape liability for the payment of the poll tax levied by the county under section 1851 of the Kentucky Statutes. on the ground that they are separated by their act of incorporation from the remainder of the county for governmental purposes. A similar contention was made in the case of Joyce v. Stone Co. (23 R., 1201) 64 S. W., 912, and in Richardson v. Boske (111 Ky., 893) (23 R., 1209) 64 S. W., 919, in which cases it was held that cities and towns were bound to pay their proportional part of the expenses of both the county and city. The section, however. has no application to cities which are only separated from the county for governmental purposes by their acts of incorporation. Under the Constitution and enactments of the Legislature, a county, through its fiscal court, can levy an ad valorem tax within the constitutional limitations on all property in the county for county purposes, whether situated in the county, outside of cities and towns, or in them, and, in the same way, may levy a poll tax for the same purpose upon citizens both inside and outside of cities or towns located therein.

For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent herewith.